IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

               Plaintiff,

Vs.                                                  No.  04-40102-01-SAC

TRAVIS JOHN LAMBERT,

               Defendant.

MEMORANDUM AND ORDER

During the operation of a drug check lane ruse on Interstate 135, the defendant's vehicle was searched after a positive alert by a drug detection dog. Officers found what was later determined to be 856.4 grams of a methamphetamine mixture with a purity level of 63% (or 539.5 grams of actual methamphetamine). The defendant pleaded guilty to conspiracy to possess with intent to distribute approximately 850 grams of methamphetamine. The presentence report ("PSR") recommends a base offense level of 36 (500 grams or more of actual methamphetamine) less two levels for safety valve adjustment and three levels for acceptance of responsibility.  With a total offense level of 31 and a criminal history

category of one, the advisory Guideline sentencing range is 108 to 135 months. The addendum to the PSR reflects two unresolved objections by the defendant.

**Defendant's Objection No. 1**: The defendant objects to ¶ 9 in that it fails to include additional details about the circumstances of his arrest in Arizona during his pretrial release. The government opposes any additions to the procedural history of the defendant's pretrial release supervision in Arizona. The government admits the facts surrounding the defendant's arrest are in dispute and the subject of an investigation but denies the relevance of such details to ¶ 9. Because these facts remain disputed, the government opposes the adoption of the defendant's version of the arrest without judicial findings. The probation office is also aware of the government's investigation into this arrest, but the office has been unable to verify the allegations regarding the same.

**Ruling**: The defendant's sentencing memorandum filed under seal summarizes his position concerning the arrest and related events, and the government has filed a response under seal calling into question the accuracy and/or relevancy of these same matters. From what has been submitted, the court understands the parties intend to present arguments and evidence at the sentencing hearing. Considering the disputed facts to be presented for decision at the sentencing hearing and the defendant's opportunity to argue his position and

evidence at that time, the court overrules the defendant's current objection to the PSR's failure to address these matters.

**Defendant's Objection No. 2**:  The defendant contends the PSR violates his Sixth Amendment right, as that right has been interpreted in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).  The indictment charged him with conspiring to possess with the intent to distribute approximately 850 grams of a methamphetamine mixture.  The defendant says his plea was only to this methamphetamine mixture as charged.  The defendant further denies that he knowingly pleaded guilty to having conspired to possess with the intent to distribute 539.5 grams of actual methamphetamine.

**Ruling**:  Under the Sentencing Guidelines, the offense level can be calculated on the basis of either the amount of actual methamphetamine or the amount of methamphetamine mixture.  *See* U.S.S.G. § 2D1.1(c).  If the calculations lead to different offense levels, the court is to apply the higher level. *Id*. at Note (B); *see United States v. Gigley*, 213 F.3d 509, 518-19 (10th Cir. 2000).  The PSR correctly applied the Sentencing Guidelines in calculating the base offense level.

The PSR did not violate the defendant's Sixth Amendment rights in following the United States Sentencing Guidelines.  The defendant's Sixth

Amendment rights are only implicated when the court relies upon judge-found facts to enhance a defendant's sentence mandatorily.  *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005) (en banc).  In sentencing the defendant, the court will apply the constitutional remedy established in *Booker* and treat the Guideline sentencing range found in the PSR as advisory only.  The defendant's constitutional challenge to the PSR misses the mark.

By the terms of the plea agreement, the defendant requested the court to calculate the applicable Guideline sentencing range and knowingly waived any right to a jury determination of his offense level under the Guidelines.  The defendant further agreed that the Guidelines should be applied and that the sentencing court could consider any reliable evidence in determining his offense level, including relevant conduct.  As the plain terms of the plea agreement reflect, the defendant knowingly agreed to have his offense level determined by the court pursuant to the Guidelines and waived his right to challenge that a jury should determine his offense level.  The defendant's objection is overruled.

IT IS THEREFORE ORDERED that the defendant's objections to the PSR are overruled.

Dated this 9th day of March, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

5